**Guillermo PONCE–RUIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72474.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alison Dixon, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Anne Zivnuska, ESQ., DOJ—U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Guillermo Ponce–Ruiz, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999), we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Ponce–Ruiz was not credible because his testimony lacked specificity regarding central aspects of his claim, including the circumstances of his father's death and the connection between his father's death and his own experiences. *See Singh–Kaur*, 183 F.3d at 1153; *see also Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256–57 (9th Cir.1992). Ponce–Ruiz also failed to corroborate these aspects of his claim. *See Chebchoub v. INS*,

257 F.3d 1038, 1042 (9th Cir.2001) (holding that when an alien's credibility is in question, an IJ may consider the failure to provide corroboration). In the absence of credible testimony, Ponce–Ruiz failed to establish eligibility for asylum, withholding of removal, and protection under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

We lack jurisdiction to review Ponce–Ruiz's contentions that the IJ was biased and failed to adequately address his CAT claim, because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004); *see also Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (noting that a "petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.